THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SEASON'S PIZZA RESTAURANT, )
        Plaintiff )
 )
V. )   CIVIL ACTION NO.
 )   05-10710 NMG
MICHAEL CHERTOFF, as Secretary of the Department )
of Homeland Security; EDUARDO AGUIRRE, )
Director of the U.S. Citizenship & Immigration )
Services; PAUL NOVAK, as Center Director of the )
U.S. Citizenship & Immigration Services for )
Vermont Service Center, )
        Defendant(s) )

## OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS

NOW comes the Plaintiff, Season's Pizza Restaurant, and hereby requests this Honorable Court to deny the defendants' Motion to Dismiss. In support of this request the plaintiff set forth as follows:

### Exhaustion Of Administrative Remedies

The government has claimed that this court lacks jurisdiction to hear this complaint because the plaintiff, Season's Pizza Restaurant, has not exhausted its administrative remedies. This argument fails however because this complaint presents issues that cannot be adequately addressed through the administrative appeals process and therefore jurisdiction over this action lays properly with the District Court.

In general there are two types of administrative exhaustion rules, statutory and common law, designed to prevent the adjudication of case that do not have a sufficient record and to allow the agencies to render final decisions on matters within their expertise. Despite the importance of these objectives it has been determined that there are circumstances in which a matter the administrative remedies are inadequate and therefore a plaintiff's failure to exhaust may be disregarded. (See *McCarthy v. Madigan*, 503 U.S. 140 (1992) [The court determined that individual interests outweighed countervailing institutional interests favoring exhaustion, because neither purpose of protection of the administrative agency's authority nor promoting judicial efficiency were served.])

In the present case the plaintiff properly filed a Residency Petition on behalf of an alien, Toheed Zaman (See Complaint ¶ 9; see also Certified Administrative Record ("AR") at p. 29, 33-44) and the USCIS denied the petition on December 20, 2004. (See *Id.* at 29-31) The plaintiff sought an administrative review of this denial, however, to date there has been no action taken on that review. (See *Id.* at 1-27)

While the administrative review process was available to the plaintiff according to the regulations established by the agency, it will not provide the plaintiff with an adequate form of relief and therefore should not be considered an obstacle to the present proceeding.

On November 22, 2003 the U.S. Department of Labor issued a determination that plaintiff had a position available for a cook and that there were no American workers will

or able to fill the position and that Toheed Zaman qualified for said position. (See *Id.* at 40-41) Unfortunately Mr. Zaman is currently in removal (deportation) proceedings and is scheduled to appear before the Immigration Court on January 30, 2006. (See attached Exhibit A – Notice of Hearing) The agency's Administrative Appeals Unit is currently processing appeals that were filed in November 2, 2003 and therefore it is not likely that the plaintiff's petition will be reached before January of 2007. (See attached Exhibit B – I-290B processing times) The agency review in this case is futile, as the beneficiary of the application will have been removed from the United States prior to its final adjudication.

It is clear from recent decisions including *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 63 (1st Cir. 2002) that "[a] plaintiff does not have to exhaust administrative remedies if she can show . . . that the administrative remedies afforded by the process are inadequate given the relief sought." (*Rose v. Yeaw*, 214 F.3d 206, 210-11 (1st Cir. 2000); see also *Honig v. Doe*, 484 U.S. 305, 327, 98 L. Ed. 2d 686, 108 S. Ct. 592 (1988) (holding, under predecessor statute, that "parents may bypass the administrative process where exhaustion would be futile or inadequate"); 121 Cong. Rec. 37,416 (1975) (remarks of Sen. Williams) ("Exhaustion of the administrative procedures . . . should not be required for any individual complainant filing a judicial action in cases where such exhaustion would be futile either as a legal or practical matter."). (See *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 63 (1st Cir. 2002))

The doctrine of "exhaustion of remedies" was not intended eliminate the ability of an individual or entity to seek redress against the government in our judicial system. The judiciary is often times the only haven that protects society from unlawful or improper the government action and the aforementioned doctrine was not design to eradicate that protection.

## CONCLUSION

WHEREFORE, for the reasons set forth above and in the original complaint the Plaintiff respectfully requests that this Honorable Court deny the government's motion to dismiss as the jurisdiction of this matter is properly with the District Court.

> The Petitioner,
> By its Attorney,
>
> /s/ Desmond P. FitzGerald
> _____
> Desmond P. FitzGerald
> FitzGerald & Company, LLC
> 18 Tremont Street, Suite 210
> Boston, Massachusetts 02108
> Telephone (617) 542-0033
> Facsimile (617) 542-8410
> E-mail: dfitzgerald@fitzgeraldlawcompany.com
> Bar No. 634881

Season's Pizza Restaurant V. Michael Chertoff, et al
Civil Action No. 05-10710 NMG

Exhibit A

Notice of Hearing for Beneficiary, Toheed Zaman

U.S. Department of Justice  
Immigration and Naturalization Service

# Notice to Appear

In removal proceedings under Section 240 of the Immigration and Nationality Act

File No.  A79 681 723

In the Matter of:

Respondent:   Toheed Zaman                                                      currently residing at:

10 Wyman Street, Derry, NH 03038                                              603-432-3903  
(Number, street, city, state and ZIP code)                                    (Area code and phone number)

☐  1. You are an arriving alien.  
☐  2. You are an alien present in the United States who has not been admitted or paroled.  
☒  3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of Pakistan and a citizen of Pakistan;
3. You were admitted to the United States at Washington, D.C. on or about July 15, 1999 as a nonimmigrant visitor with authorization to remain in the United States for a temporary period not to exceed January 14, 2000;
4. You remained in the United States beyond January 14, 2000 without authorization from the Immigration and Naturalization Service.
5. You were employed for wages or other compensation on October 18, 2002 at Seasons Pizza, Derry, New Hampshire, without authorization of the Immigration and Naturalization Service.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provisions(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted.  
Section 237(a)(1)(C)(i) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you failed to maintain or comply with the conditions of the nonimmigrant status under which you were admitted.

☐   This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐   Section 235(b)(1) order was vacated pursuant to:        ☐ 8 CFR 208.30(f)(2)        ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

EOIR, Immigration Court, Room 320, JFK Federal Building, Boston, Massachusetts 02203  
(Complete Address of Immigration Court, Including Room Number, if any)

on   TO BE DETERMINED                       at                              to show why you should not be removed from  
              (Date)                                      (Time)

the United States based on the charge(s) set forth above.

Mark J. Furtado, Interim Officer in Charge  
(Signature and Title of Issuing Officer)

Date:   March 17, 2003                                                        Boston, Massachusetts  
                                                                              (City and State)

See reverse for important information

Form I-862(Rev. 3-22-99)

Case 1:05-cv-10710-MEL    Document 6-3    Filed 12/14/2005    Page 1 of 2

Season's Pizza Restaurant V. Michael Chertoff, et al
Civil Action No. 05-10710 Nmg

<u>Exhibit B</u>

Notice of Processing Times for adjudication of I-290B
by Agency's Administrative Appeals Unit

...al Benefits Center Processing Dates                                              Page 1 of 2

# U. S. Citizenship and Immigration Services

Print This Page | Back

**U.S. Citizenship and Immigration Services**
**National Benefits Center Processing Dates**
**Posted December 08, 2005**

The U.S. Citizenship and Immigration Services processes cases in the order in which they are received. Due to the high workload, most of the time your case is pending we will be processing cases that were filed earlier than yours. This chart tells you which cases the Center is processing and the date the cases were received by the Center.

**How Do I Use Chart:**

Locate the type of application or petition you filed under the heading "Form" or "Form Name". Follow the form/form name across to the heading "Processing Cases with Receipt Date of". The date shown in this column represents the filing date of the application or petition that is currently being processed at this Office.

**When Can I Call The National Customer Service Center?**

If you filed your case 30 days or more before the date shown on the chart, and you have not received a request for evidence, a decision, or another notice in the last thirty days, please call our National Customer Service Center at 1-800-375-5283.

If you received a request for evidence and responded to it over 60 days ago and have not received a decision, please call our National Customer Service Center at 1-800-375-5283.

Processing Dates for the **National Benefits Center** Posted December 08, 2005

| Form | Title | Classification or Basis for Filing | Now Processing Cases with Receipt Notice Date of |
|---|---|---|---|
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | November 15, 2005 |
| I-129F | Petition for Alien Fiance(e) | K-3/K-4 - Already married - spouse and/or dependent child | October 28, 2005 |
| I-131 | Application for Travel Document | All other applicants for advance parole | October 07, 2005 |
| I-212 | Application for Permission to Reapply for Admission into the U.S. After Deportation or Removal | Readmission after deportation or removal | September 23, 2004 |
| I-290B | Notice of Appeal to the Administrative Appeals Unit (AAU) | Appeal of an adverse decision | November 02, 2003 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | August 30, 2005 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | November 03, 2005 |